opposition. From the judgment, an appeal is taken. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant Dart. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal & Milling, of New Orleans, for interveners. Dudley L. Guilbeau, of Opelousas, for appellee.

MONROE, C. J. The questions presented in this case are fully considered and disposed of in the opinion in the case of E. M. Boagni v. E. A. Stamen (No. 21086) 72 South. 417,[1] this day handed down; and, for the reasons there assigned, the judgment herein appealed from is affirmed.

════════

**(72 South. 420)**

**No. 21085.**

**BOAGNI v. STAMEN (EDENBORN et al., Interveners).**

(June 30, 1916.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by E. M. Boagni against E. A. Stamen, in which William Edenborn and another, joint receivers of the Union Irrigation Company, file an intervention and third opposition. From the judgment, an appeal is taken. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant Dart. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal & Milling, of New Orleans, for interveners. Dudley L. Guilbeau, of Opelousas, for appellee.

MONROE, C. J. The questions presented in this case are fully considered and disposed of in the opinion in the case of E. M. Boagni v. E. A. Stamen (No. 21086) 72 South. 417,[1] this day handed down; and, for the reasons there assigned, the judgment herein appealed from is affirmed.

════════

**(72 South. 420)**

**No. 21087.**

**BOAGNI v. STAMEN (EDENBORN et al., Interveners).**

(June 30, 1916.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by E. M. Boagni against E. A. Sta-

men, in which William Edenborn and another, joint receivers of the Union Irrigation Company, file an intervention and third opposition. From the judgment, an appeal is taken. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant Dart. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal & Milling, of New Orleans, for interveners. Dudley L. Guilbeau, of Opelousas, for appellee.

MONROE, C. J. The questions presented in this case are fully considered and disposed of in the opinion in the case of E. M. Boagni v. E. A. Stamen (No. 21086) 72 South. 417,[1] this day handed down; and, for the reasons there assigned, the judgment herein appealed from is affirmed.

════════

**(72 South. 421)**

**No. 21933.**

**THOMPSON et ux. v. ILLINOIS CENT. R. CO. et al.**

**In re ROSELAND VENEER & PACKAGE CO., Limited.**

(June 30, 1916.)

*(Syllabus by the Court.)*

RAILROADS ☞383(1)—OPERATION—INJURIES AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

It is negligence for a pedestrian not to stop, look, and listen before entering a narrow space between freight cars standing on a switch track while a locomotive is approaching in close proximity to the end of the train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1305, 1309; Dec. Dig. ☞383(1).]

Certiorari to Court of Appeal, First Circuit.

Action by Thadeus A. Thompson and wife against the Illinois Central Railroad Company and another. Judgment for plaintiff, and defendant Roseland Veneer & Package Company, Limited, appealed, and from a judgment of the court of appeal affirming the judgment for plaintiff, defendants bring certiorari. Judgments of district court and of court of appeal annulled, and plaintiffs' demand rejected.

────────

[1] Ante, p. 851.

R., C. & S. Reid, of Amite, for plaintiffs. J. C. Henriques, of New Orleans, and Purser & Magruder, of Amite, for relator Roseland Veneer & Package Co., Limited. Hunter C. Leake, of New Orleans, and Bolivar E. Kemp, of Amite (Blewett Lee, of Chicago, Ill., of counsel), for Illinois Central R. Co.

O'NIELL, J. This is an action for damages for personal injury to the plaintiffs' daughter. She was employed in the factory of the Roseland Veneer & Package Company, and, on her way from her work to lunch, passed between the cars of a freight train on a switch track of the Illinois Central Railroad, when the cars came together and injured her left arm and hand.

The plaintiffs allege that the Roseland Veneer & Package Company was at fault for having the switch track placed in close proximity to the factory and in not providing any other way or passage for the employés leaving the factory except by crossing the track through the space left between the cars, almost opposite the factory door. They allege that the railroad company was negligent in not having some one stationed at the opening between the cars to warn pedestrians not to attempt to pass between them, and that the cars were moved suddenly and without any warning by the train crew.

The defendant railroad company called the veneer and package company in warranty on a contract of guaranty, under which the switch was established as a plant facility. The defense of both companies is that the accident was the result of the negligence of the plaintiffs' daughter in attempting to pass between the cars, without exercising any care for her safety, especially as there was another route open to her that was perfectly safe. Judgment was rendered in favor of the plaintiffs for $750 for the use and benefit of their injured daughter, against the defendants in solido, and was affirmed by the court of appeal. The case is before us on writs of certiorari and review issued at the instance of the Roseland Veneer & Package Company.

The plaintiffs' daughter was 20 years of age at the time of the accident. Testifying in her own behalf, she admitted that, when she came out of the factory, observing a freight train in front of the door, she walked along parallel with the track a short distance to an opening between the cars, and, without stopping or looking or listening for danger, attempted to pass between the cars. The evidence shows that the two cars between which she attempted to pass were not less than three nor more than ten feet apart. One witness testified that the moving freight train had already bumped against the end of the train of standing cars and was closing the gap when the young woman attempted to pass between the cars. There is no doubt that, if she had looked to the ends of the train before attempting to pass between the cars, she would have seen the locomotive in motion; and, if she had been at all attentive while walking from the factory door to the gap in the train, she would have heard the ringing of the bell on the locomotive and would have been warned of the danger of going between the cars.

It was not necessary for the plaintiffs' daughter to take the route she selected in leaving the factory. There was another route, not so convenient but perfectly safe, that was used by the male employés of the factory. Selecting the more convenient but apparently dangerous route, she should have exercised reasonable care for her safety. Very little prudence on her part would have avoided the accident.

The court of appeal found, as a matter of fact, that the plaintiffs' daughter did not stop, look, or listen, before attempting to cross the railroad track; but the court held, as a matter of law, that the doctrine, requiring a pedestrian to stop, look, and listen

for danger before crossing a railroad track, applies only to a main line and not to a switch track. Perhaps the doctrine would not apply to an empty switch track, but we are not inclined to draw the distinction arbitrarily between a main line and a switch track. A more salutary rule is to let each case be governed by the presence or absence of apparent danger in crossing a switch track. In this case the danger was as apparent as if the cars were standing on a main line. Our conclusion is that the direct and proximate cause of the injury suffered by the plaintiffs' daughter was her own imprudence.

The judgment of the district court and of the court of appeal is annulled, and it is ordered that the plaintiffs' demand be rejected, at their cost.